1   RUSS, AUGUST & KABAT
    Marc A. Fenster, State Bar No. 181067
2   Email: mfenster@raklaw.com
    Brian D. Ledahl, State Bar No. 186579
3   Email: bledahl@raklaw.com
    Stanley H. Thompson, Jr., State Bar No. 198825
4   Email: sthompson@raklaw.com
    Jacob R. Buczko, State Bar No. 269408
5   Email: jbuczko@raklaw.com
    12424 Wilshire Boulevard, 12th Floor
6   Los Angeles, California 90025
    Telephone: (310) 826-7474
7   Facsimile: (310) 826-6991

8   Attorneys for Plaintiff
    Zeroclick, LLC
9

10

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13

| 14 | ZEROCLICK, LLC, a Texas limited liability company | **Case No. 5:15-cv-04417** |
|---|---|---|
| 15 | | |
| 16 | Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| 17 | vs. | |
| 18 | APPLE INC., a California corporation | **DEMAND FOR JURY TRIAL** |
| 19 | Defendant. | |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Plaintiff Zeroclick, LLC ("Zeroclick" or "Plaintiff") makes the following allegations against Defendant Apple Inc. ("Apple" or "Defendant").

**I.     PARTIES**

1. Plaintiff Zeroclick, LLC is a Texas limited liability company, having a business address at 719 W Front St., Ste. 244, Tyler, TX 75702.

2. On information and belief, Defendant Apple Inc. is a California corporation having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

**II.    JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due to having availed itself of the rights and benefits of California by engaging in activities, including: (i) conducting substantial business in this forum; (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District, and (iii) having its principal place of business located in this Judicial District.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendant has engaged in activities including: transacting business in this district and purposefully directing business activities, including the sale of infringing goods, to this district.

**III.   INTRADISTRICT ASSIGNMENT**

6. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Local Rule 3-2(c).

1

## IV.     NATURE OF ACTION

7.     Plaintiff is the owner and assignee of a portfolio of patents containing the inventions of Dr. Nes Irvine, a medical doctor who possessed the prescient vision to develop touch-only user interface technologies that would enable significant benefits to his medical work and any field where users interacted with graphical user interfaces ("GUIs").  Dr. Irvine filed applications that eventually became his "Zeroclick" U.S. Patents in the year 2000, many years before companies, such as Apple, envisioned a touch-only graphical user interface for use in consumer electronics.

8.     Recognizing his inventions would be useful beyond his medical applications and could enable great commercial success to Apple, Dr. Irvine contacted Apple in July of 2002, years before the release of the first iPhone.  In a faxed letter to Apple's then Director of Software Development, Avie Tevanian, Dr. Irvine explained to Apple the novelty and numerous benefits of his "Zeroclick" graphical user interface. Apple never responded to Dr. Irvine.  In the years to follow, Apple began to develop graphical user interfaces, such as those supported by "iOS," whereby users may activate functions with only finger movements on a touchscreen.

9. In addition to developing touchscreen user interfaces, which require no clicking, Apple filed numerous United States patents to protect what it claimed to be its own innovations.  Many of these patents cite the work of Dr. Irvine.

10.     Apple then asserted its touchscreen interface patents against its competitors.  For example, Apple patented the "slide-to-unlock" functionality of its iOS software, which is embodied in U.S. Patent 8,046,721. Apple asserted this patent against Samsung Electronics Co., LTD (and its related entities) in this District Court.  During that case, docketed at 12-cv-00630-LHK, Apple's VP of Marketing Gregory Christie admitted he personally considered slide-to-unlock "pretty important." On appeal to the Court of Appeals for the Federal Circuit, Apple admitted "consumers were more willing to buy, and to pay more for, devices incorporating Apple's slide-to-unlock feature…."   That very same slide-to-unlock functionality infringes the patents asserted by Zeroclick in this case, which were conceived many years prior to Apple's '721 patent.

11. As detailed below, Zeroclick asserts two of Dr. Irvine's "Zeroclick" patents against Apple in this case. Apple's various iOS touchscreen devices, including its "iPhone," "iPad" and "iPod Touch" lines of products, infringe at least one claim of each patent through, among many other functions, the "slide-to-unlock" functionality of Apple's iOS devices.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 8,549,443

12. Plaintiff realleges and incorporates by reference paragraphs 1-11 above, as if fully set forth herein.

13. Plaintiff is the owner and assignee of United States Patent No. 8,549,443 ("the '443 patent") titled "Zeroclick." The '443 patent was duly and legally issued by the United States Patent and Trademark Office on October 1, 2013. Plaintiff is the owner and assignee, possessing all substantial rights, to the '443 patent.

14. Defendant has infringed and continues to infringe, directly and indirectly, the '443 patent by, among other things, making, using, offering for sale, selling and/or importing unlicensed systems and/or products, covered by one or more claims of the '443 patent. Such unlicensed products include, by way of example and without limitation, "iOS" devices that include a touchscreen such as all of Defendant's "iPhone" line of devices, all of Defendant's "iPad" line of devices and all of Defendant's "iPod Touch" line of products, offered for sale and/or sold in this country by Defendant. These devices infringe and/or are used to infringe one or more claims of the '443 patent, including but not limited to claim 19. By making, using, offering for sale, selling, and/or importing such systems and products, covered by one or more claims of the '443 patent, Defendant has injured Plaintiff and Defendant is liable to Plaintiff for infringement of the '443 patent pursuant to 35 U.S.C. § 271.

15. The iOS touchscreen devices, which are made, used, offered for sale, sold and/or imported by Defendant, infringe at least claim 19 of the '443 patent because each iOS touchscreen device is a device capable of executing software comprising: a touch-sensitive screen configured to detect being touched by a user's finger without requiring an exertion of pressure on the screen; a processor connected to the touch-sensitive screen and configured to

1   receive from the screen information regarding locations touched by the user's finger; executable
2   user interface code stored in a memory connected to the processor, the user interface code
3   executable by the processor; the user interface code being configured to detect one or more
4   locations touched by a movement of the user's finger on the screen without requiring the
5   exertion of pressure and determine therefrom a selected operation; and, the user interface code is
6   further configured to cause one or more functions available to the user interface code of the
7   device to deactivate while the user's finger is touching one or more locations on the screen.

8       16.    The inventor of the '443 patent, Dr. Nes Irvine placed Defendant on notice of the
9   '443 Patent and its relevance to its touchscreen products no later than April 5, 2014 as a result of
10  a letter from Dr. Irvine to the Honorable Lucy H. Koh, copying legal counsel for Defendant,
11  Harold McElhinny, specifically identifying the '443 patent and Defendant's iOS touchscreen
12  products.  Defendant first learned of Dr. Irvine's inventions, which eventually became the '443
13  patent, in July 2002, when Dr. Irvine faxed a letter to Apple's then Director of Software
14  Development, Avie Tevanian, in which Dr. Irvine explained to Apple his "Zeroclick" invention.

15      17.    Defendant continued its actions of, *inter alia*, making, using, offering for sale,
16  selling and/or importing unlicensed devices and systems despite an objectively high likelihood
17  that such activities infringed the '443 patent, which has been duly issued by the United States
18  Patent and Trademark Office, and is presumed valid.  Since, at the latest, the time of the written
19  communications from Dr. Irvine in April 2014, Defendant has been aware of an objectively high
20  likelihood that its actions constituted, and continue to constitute, infringement of the '443 patent
21  and that the '443 patent is valid.  Despite that knowledge, on information and belief, Defendant
22  has continued its infringing activities.  As such, Defendant willfully infringed the '443 patent.

23      18.    Defendant also actively induces infringement of the '443 patent, under 35 U.S.C.
24  § 271(b), by instructing users and/or customers to infringe at least claim 19 of the '443 patent
25  because each iOS touchscreen device is a device capable of executing software comprising: a
26  touch-sensitive screen configured to detect being touched by a user's finger without requiring an
27  exertion of pressure on the screen; a processor connected to the touch-sensitive screen and
28  configured to receive from the screen information regarding locations touched by the user's

finger; executable user interface code stored in a memory connected to the processor, the user interface code executable by the processor; the user interface code being configured to detect one or more locations touched by a movement of the user's finger on the screen without requiring the exertion of pressure and determine therefrom a selected operation; and, the user interface code is further configured to cause one or more functions available to the user interface code of the device to deactivate while the user's finger is touching one or more locations on the screen.

19. Defendant also contributes to infringement of the '443 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing in the United States a component of a patented machine, manufacture, combination or composition, and/or a material or an apparatus for use in practicing a patented process, constituting a material part of the '443 invention, knowing the same to be especially made or especially adapted for use in an infringement of the '443 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

20. For example, Defendant sells iOS devices and/or iOS software configured to infringe, by end users and/or resellers, at least claim 19 of the '443 patent because each iOS touchscreen device is a device capable of executing iOS software comprising: a touch-sensitive screen configured to detect being touched by a user's finger without requiring an exertion of pressure on the screen; a processor connected to the touch-sensitive screen and configured to receive from the screen information regarding locations touched by the user's finger; executable user interface code stored in a memory connected to the processor, the user interface code executable by the processor; the user interface code being configured to detect one or more locations touched by a movement of the user's finger on the screen without requiring the exertion of pressure and determine therefrom a selected operation; and, the user interface code is further configured to cause one or more functions available to the user interface code of the device to deactivate while the user's finger is touching one or more locations on the screen.

21. Defendant has had knowledge of the '443 patent and knowledge of infringement since, at the latest, April 5, 2014, and as early as the issue date of the '443 patent.

5

22. As a result of Defendant's infringement of the '443 patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, enhancement of damages due to Defendant's willful infringement, and interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,818,691

23. Plaintiff realleges and incorporates by reference paragraphs 1-11 above, as if fully set forth herein.

24. Plaintiff is the owner and assignee of United States Patent No. 7,818,691 ("the '691 patent") titled "Zeroclick." The '691 patent was duly and legally issued by the United States Patent and Trademark Office on October 19, 2010. Plaintiff is the owner and assignee, possessing all substantial rights, to the '691 patent.

25. Defendant has infringed and continues to infringe, directly and indirectly, the '691 patent by, among other things, making, using, offering for sale, selling and/or importing unlicensed systems and/or products, covered by one or more claims of the '691 patent. Such unlicensed products include, by way of example and without limitation, "iOS" device that include a touchscreen such as all of Defendant's "iPhone" line of devices, all of Defendant's "iPad" line of devices and all of Defendant's "iPod Touch" line of products, offered for sale and/or sold in this country by Defendant. These devices infringe and/or are used to infringe one or more claims of the '691 patent, including but not limited to claim 2. By making, using, offering for sale, selling, and/or importing such systems and products, covered by one or more claims of the '691 patent, Defendant has injured Plaintiff and Defendant is liable to Plaintiff for infringement of the '691 patent pursuant to 35 U.S.C. § 271.

26. The iOS touchscreen devices, which are made, used, offered for sale, sold and/or imported by Defendant, infringe at least claims 1 and 2 of the '691 patent. For example, each iOS touchscreen device includes a graphical user interface (GUI) that operates by an input of a movement of a pointer according to a specified movement generating a click event; that is the

6

generation of said click event by the completion of the movement of the pointer being first positioned or moving within an area on a computer screen called a control area and then a subsequent movement of the pointer within a second area on the screen called a predetermined path area according to said specified movement by the following two steps:

    a) when the pointer is immediately adjacent or passes within said control area said click event is not generated,

    b) whereby the subsequent movement of the pointer within said predetermined path area according to a specified movement generates said click event, which simulates direct clicking of a control, thereby triggering a function related with said control area.

27. The inventor of the '691 patent, Dr. Nes Irvine placed Defendant on notice of the '691 Patent and its relevance to its touchscreen products no later than April 5, 2014 as a result of a letter from Dr. Irvine to the Honorable Lucy H. Koh, copying legal counsel for Defendant, Harold McElhinny, specifically identifying the '691 patent and Defendant's iOS touchscreen products. Defendant first learned of Dr. Irvine's inventions, which eventually became the '691 patent, in July 2002, when Dr. Irvine faxed a letter to Apple's then Director of Software Development, Avie Tevanian, in which Dr. Irvine explained to Apple his "Zeroclick" invention. Further, Defendant has cited to the '691 patent many times across various touchscreen-related patent families, including each member of Apple's "Methods and graphical user interfaces for editing on a multifunction device with a touch screen display" patent family, both members of Apple's "Devices, methods, and graphical user interfaces for document manipulation" patent family, Apple's U.S. Patent No. 8,427,445 titled "Visual Expander," Apple's U.S. Patent No. 8,570,278 titled "portable multifunction device, method, and graphical user interface for adjusting an insertion point marker," Apple's U.S. Patent No. 8,650,507 titled "Selecting of text using gestures" and Apple's U.S. Patent No. 9,037,997 titled "User interface presentation of information in reconfigured or overlapping containers." Each of these patents cites to the '691 patent and in doing so, confirms Defendant's earlier knowledge of the '691 patent and Apple's infringement of the '691 patent.

28. Defendant continued its actions of, *inter alia*, making, using, offering for sale, selling and/or importing unlicensed devices and systems despite an objectively high likelihood that such activities infringed the '691 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since, at the latest, the time of the written communications from Dr. Irvine in April 2014, Defendant has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '691 patent and that the '691 patent is valid. Despite that knowledge, on information and belief, Defendant has continued its infringing activities. As such, Defendant willfully infringed the '691 patent.

29. Defendant also actively induces infringement of the '691 patent, under 35 U.S.C. § 271(b), by instructing users to perform at least the infringing act of performing the method recited in claim 1 of the '691 Patent, by instructing users to perform a method of operating a GUI that operates by an input of a movement of a pointer according to a specified movement to generate a 'click' event; that is the generation of said click event by the completion of the movement of the pointer being first positioned or moving within an area on a computer screen called a control area and then a subsequent movement of the pointer within a second area on the screen called a predetermined path area according to said specified movement by the following two steps:

a) when the pointer is immediately adjacent or passes within said control area said click event is not generated,

b) whereby the subsequent movement of the pointer within said predetermined path area according to a specified movement generates said click event, which simulates direct clicking of a control, thereby triggering a function related with said control area.

30. In addition to the "slide to unlock" functionality, Defendant instructs users of its iOS operating system to infringe at least claim 1 of the '691 patent by swiping certain control areas to simulate a direct clicking of a control, thereby triggering a function related with said control area, e.g., swiping to present options associated with the control area, such as deleting contacts or email options.

8

31. Defendant also contributes to infringement of the '691 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing in the United States a component of a patented machine, manufacture, combination or composition, and/or a material or an apparatus for use in practicing a patented process, constituting a material part of the '691 invention, knowing the same to be especially made or especially adapted for use in an infringement of the '691 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

32. For example, Defendant sells iOS devices and/or iOS software configured to perform, by end users of such devices and/or software, at least the infringing act of performing the method recited in claim 1 of the '691 Patent, by instructing users to perform a method of operating a GUI that operates by an input of a movement of a pointer according to a specified movement to generate a 'click' event; that is the generation of said click event by the completion of the movement of the pointer being first positioned or moving within an area on a computer screen called a control area and then a subsequent movement of the pointer within a second area on the screen called a predetermined path area according to said specified movement by the following two steps:

   a) when the pointer is immediately adjacent or passes within said control area said click event is not generated,

   b) whereby the subsequent movement of the pointer within said predetermined path area according to a specified movement generates said click event, which simulates direct clicking of a control, thereby triggering a function related with said control area.

33. Defendant has had knowledge of the '691 patent and knowledge of infringement since, at the latest, April 5, 2014, and as early as the issue date of the '691 patent.

34. As a result of Defendant's infringement of the '691 patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, enhancement of damages due to Defendant's willful infringement, and interest and costs as fixed by the Court.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '443 patent;

2. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '691 patent;

3. A judgment in favor of Plaintiff that Defendant has indirectly infringed, by inducing infringement, the '443 patent;

4. A judgment in favor of Plaintiff that Defendant has indirectly infringed, by inducing infringement, the '691 patent;

5. A judgment in favor of Plaintiff that Defendant has indirectly infringed, by contributing to infringement of the '443 patent;

6. A judgment in favor of Plaintiff that Defendant has indirectly infringed, by contributing to infringement of the '691 patent.

7. A judgment in favor of Plaintiff that Defendant has willfully infringed the '443 and '691 patents;

8. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Defendant's infringement of the '443 patent and the '691 patent;

9. A judgment and order against Defendant for treble damages pursuant to 35 U.S.C. § 284;

10. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## VI. DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of any issues so triable.

| | |
|---|---|
| DATED: September 25, 2015 | RUSS, AUGUST & KABAT<br>Marc A. Fenster<br>Brian D. Ledahl<br>Stanley H. Thompson, Jr.<br>Jacob R. Buczko |
| | By: /s *Marc A. Fenster*<br>Marc A. Fenster<br>Attorneys for Plaintiff<br>Zeroclick, LLC |