MARC A. FENSTER (CA SBN 181067)
mfenster@raklaw.com
BRIAN D. LEDAHL (CA SBN 186579)
bledahl@raklaw.com
JACOB R. BUCZKO (CA SBN 269408)
jbuczko@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

Attorneys for Plaintiff
ZEROCLICK, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ZEROCLICK, LLC, a Texas limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | Case No.    4:15-cv-04417-JST <br><br> **ZEROCLICK, LLC'S MOTION TO STRIKE EXPERT OPINIONS OF DR. SCOTT KLEMMER** <br><br> Date:     April 29, 2020 <br> Time:     2:00 p.m. <br> Ctrm:     6 <br> Judge:   Hon. Jon S. Tigar |

RUSS, AUGUST & KABAT

## TABLE OF CONTENTS

I.      NOTICE OF MOTION AND MOTION ...................................................................1

II.     STATEMENT OF RELIEF SOUGHT ....................................................................1

III.    INTRODUCTION .....................................................................................................1

IV.     FACTUAL BACKGROUND ....................................................................................2

      A.   Apple's Opening Expert Report of Professor Klemmer Includes Numerous Invalidity Theories Never Disclosed in Apple's Amended Invalidity Contentions ....................................................................2

      B.   Apple's Noninfringement Expert Report of Professor Klemmer Includes an Undisclosed  Noninfringement Theory that Contradicts the Court's Claim Construction ..................................................................7

V.      ARGUMENT ............................................................................................................9

      A.   The Court Should Strike Invalidity Theories in Dr. Klemmer's Report that Were Never Disclosed by Apple.............................................9

          1.   Dr. Klemmer's Invalidity Report Includes Numerous New Invalidity Theories Disguised as "State of the Art" ..........................10

          2.   Dr. Klemmer's "Chronology of Development" Section Similarly Includes Undisclosed Comparisons of Asserted Claim  Elements to the Prior Art References .....................................12

          3.   Dr. Klemmer's Invalidity Expert Report Includes Undisclosed Obviousness Combinations ..................................................................13

          4.   Dr. Klemmer's Undisclosed Holistic Obviousness Theories that Vaguely Combine Numerous Prior Art References in Nonspecific Ways Should be Stricken. ..............................................16

          5.   Zeroclick is Significantly Prejudiced By Apple's Failure to Disclose Numerous Invalidity Theories Present in Dr. Klemmer's Report ..............................................................................17

      B.   Dr. Klemmer's Opinion regarding the "Without Requiring An Exertion Of Pressure On The Screen" Element Contradicts the Court's Claim Construction, is an Undisclosed Noninfringement Argument, and Should be Stricken ............................................................18

          1.   Dr. Klemmer's Opinion Regarding "Without Requiring an Exertion of Pressure on the Screen" is a New Claim Construction Argument that Contradicts the Court's Claim Construction Order ...................................................................19

          2.   Dr. Klemmer's Opinion Regarding "Without Requiring an Exertion of Pressure on the Screen" is Impermissible Claim Construction that Usurps the Court's Role.........................................21

i

3.   Dr. Klemmer's Opinion Regarding "Without Requiring an Exertion of Pressure on the Screen" is an Undisclosed Noninfringement Argument ................................................................22

VI.    CONCLUSION.......................................................................................................24

RUSS, AUGUST & KABAT

TABLE OF CONTENTS

1

## TABLE OF AUTHORITIES

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Comm'ns, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012)..................................................................... 17

*Asia Vital Components Co. v. Asetek Danmark A/S*,
    No. 16-CV-07160-JST, 2018 WL 4945316 (N.D. Cal. Oct. 11, 2018)...................... 9, 10

*ASUS Computer Int'l v. Round Rock Research, LLC*,
    No. 12-CV-02099-JST, 2014 WL 1463609 (N.D. Cal. Apr. 11, 2014) ........................... 9

*Cordis Corp. v. Boston Sci. Corp.*,
    561 F.3d 1319 (Fed. Cir. 2009)..................................................................... 21

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)............................................................................. 1, 17

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F. 3d 1312 (Fed. Cir. 2009)..................................................................... 20

*Fenner Inv., Ltd. v. Microsoft Corp.*,
    632 F. Supp. 2d 627 (E.D. Tex. 2009)............................................................. 20

*Golden Bridge Tech. Inc v. Apple, Inc.*,
    No. 12-cv-04882-PSG, 2014 WL 1928977 (N.D. Cal. May 14, 2014) ........................... 9

*Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*,
    No. EDCV1701388ABKKX, 2019 WL 6481307 (C.D. Cal. Aug. 27, 2019)................ 21

*Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*,
    340 F. Supp. 3d 934 (N.D. Cal. 2018) .............................................................. 21

*Innogenetics, N.V. v. Abbott Labs.*,
    512 F.3d 1363 (Fed. Cir. 2008)..................................................................... 17

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
    2012 WL 4097740 (N.D. Cal. Sept. 17, 2012) ................................................. 2, 12

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 116 S.Ct. 1384 L.Ed.2d 577 (1996)................................................. 21

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
    No. 11–CV–5341–YGR, 2014 WL 690161 (N.D. Cal. Feb. 21, 2014) .................... 10, 21

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
    No. 14-CV-03657-SI, 2019 WL 2943414 (N.D. Cal. July 8, 2019)................................ 20

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
    523 F.3d 1051 (9th Cir. 2008) ..................................................................... 21

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
    417 F. Supp. 2d 1121 (N.D. Cal. 2006) .............................................................. 9

RUSS, AUGUST & KABAT

**Table of Authorities**
**(continued)**
Page

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
    467 F.3d 1355 (Fed. Cir. 2006)........................................................................ 22

*Sulzer Textil A.G. v. Picanol N.V.*,
    358 F.3d 1356 (Fed. Cir. 2004)........................................................................ 20

*Takeda Pharm. Co. v. TWi Pharm., Inc.*,
    No. 13-CV-02420-LHK, 2015 WL 1227817 (N.D. Cal. Mar. 17, 2015) ........................ 10

*Verinata Health, Inc. v. Sequenom, Inc.*,
    No. 12-cv-00865-SI, 2014 WL 4100638 (N.D. Cal. Aug. 20, 2014) .............................. 10

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
    796 F. Supp. 2d 1025 (N.D. Cal. 2011) ................................................................ 2, 12

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ........................................................................ 22

**Rules**

Fed. R. Civ. P. 16 ........................................................................................ 1

Fed. R. Civ. P. 26 ........................................................................................ 1

Fed. R. Civ. P. 37 ........................................................................................ 1

Fed. R. Civ. P. 37(c)(1) ................................................................................. 24

Fed. R. Evid. 702 ........................................................................................ 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUSS, AUGUST & KABAT

## I.      NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Plaintiff Zeroclick, LLC., shall and hereby does move for an order to strike certain opinions of Apple's expert witness, Professor Scott Klemmer. This motion is based on this notice of motion, the accompanying memorandum in support thereof, and such other written and oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## II.     STATEMENT OF RELIEF SOUGHT

Pursuant to Fed. R. Civ. P. 16, 26, and 37, Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 591-92 (1993), Patent Local Rule 3-3 and this Court's inherent authority, Plaintiff Zeroclick moves to strike expert opinions of Defendant Apple's expert, Professor Scott Klemmer. In particular, Zeroclick moves to strike the following opinions:

- Dr. Klemmer's opinions regarding new invalidity theories not disclosed in Apple's Amended Invalidity Contentions;

- Dr. Klemmer's opinions regarding invalidity theories that, in addition to never being disclosed by Apple, are improper amalgamations of numerous prior art references purporting to address the asserted claims of the patents-in-suit as a whole, instead of on an element-by-element or claim-by-claim basis; and

- Dr. Klemmer's noninfringement opinion concerning the term "without requiring an exertion of pressure on the screen," as it occurs in claim 19 of the '443 patent, because the opinion contradicts the Court's claim construction and is based on a belated and undisclosed prosecution history disclaimer argument.

## III.    INTRODUCTION

Apple's technical expert reports of Dr. Scott Klemmer include numerous opinions regarding undisclosed invalidity theories, as well as a new claim construction/noninfringement argument.  For example, Dr. Klemmer's Opening Report on invalidity introduces new prior art references, obviousness theories and obviousness combinations that Apple did not include in its Patent Local Rule 3-3 Invalidity Contentions.  Dr. Klemmer, in many instances, attempts to disguise his new opinions as being merely background information.  But such a tactic is readily

RUSS, AUGUST & KABAT

recognized by courts in this District, which do not allow new invalidity theories to be included in expert reports regardless of whether they are labeled as background information. *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 4097740 at *1–2 (N.D. Cal. Sept. 17, 2012); *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1047–48 (N.D. Cal. 2011); *Largan Precision Co. v. Genius Electronic Optical Co., Ltd.*, 2014 WL 6882275 at *6 (N.D. Cal. Dec. 5, 2014). Dr. Klemmer's invalidity report also introduces for the first time in this case vague purported obviousness opinions that do not even embark on a claim-by-claim, let alone requisite element-by-element, analysis. This violates the Patent Local Rules as well as Rule 702. These opinions should also be stricken.

Dr. Klemmer's Rebuttal Report on noninfringement also includes new theories that should be stricken. In this report, Dr. Klemmer embarks on an entirely new claim construction of the "without requiring an exertion of pressure on the screen" element of claim 19 of the '443 patent. The Court ordered that this phrase shall have its "plain and ordinary meaning." Dkt. 77 at 8. Dr. Klemmer used this construction in his Opening Report on invalidity to opine that the element was disclosed in, e.g., capacitive touch screens. Now for noninfringement, Dr. Klemmer is re-doing claim construction and adding a purported prosecution history disclaimer that he now says excludes, e.g., capacitive touch screens. Dr. Klemmer's inconsistent construction is nonsensical when read with the claims as a whole and was never proposed to, let alone adopted by, the Court. Accordingly, Dr. Klemmer's new noninfringement/claim construction theory should be stricken.

## IV.    FACTUAL BACKGROUND

### A.    Apple's Opening Expert Report of Professor Klemmer Includes Numerous Invalidity Theories Never Disclosed in Apple's Amended Invalidity Contentions

Apple served its Patent Local Rule 3-3 Invalidity Contentions in this case on March 14, 2016. Thereafter, the Court issued two *Markman* Orders. The first was issued on August 16, 2016, the second was issued June 25, 2019. Dkts. 60, 77. On September 3, 2019, pursuant to agreement of the parties, Zeroclick served Amended Infringement Contentions. On September 24,

2019, Apple served Amended Invalidity Contentions.   Ex. A.   Apple's Amended Invalidity Contentions listed 68 purported prior art patents, 62 purported prior art publications, and 18 different purported prior art products.   *Id*.   Apple's Amended Invalidity Contentions explained these long lists of purported prior art, which include no explanation or analysis as to how they may relate to the patents-in-suit, nor "reflect the 'state of the art'" as of the effective filing date of the '443 and '691 patents. *Id*. at 22.  The Amended Contentions included 36 charts (18 for each patent-in-suit), which included Apple's actual prior art anticipation and obviousness theories, pursuant to PLR 3-3(b)-(c).

On December 20, 2019, Apple served its "Opening Expert Report of Scott Klemmer Regarding Validity of U.S. Patent Nos. 8,549,443 and 7,818,691."  Ex. B.  Dr. Klemmer's report is 391 pages long and included numerous purported invalidity references and theories never previously disclosed by Apple pursuant to PLR 3.3(a)-(c).  The following chart summarizes the invalidity theories, combinations, and/or references not disclosed in Apple's Amended Invalidity Contentions:

| CHART A-UNDISCLOSED INVALIDITY THEORIES | | |
|---|---|---|
| Report Paragraph Number | Reference/Invalidity Theory | Nondisclosure |
| 89 | "Sutherland 2003" | Not disclosed in Apple's Amended Invalidity Contentions |
| 92 | "Casio AT-550 User's Manual;" Casio AT—550 Watch | Not disclosed in Apple's Amended Invalidity Contentions |
| 95 | "Krueger 1995" | Not disclosed in Apple's Amended Invalidity Contentions |
| 96 | "Fukumoto 1994" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 97 | "Kohler 1994" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 98-99 | "Freeman and Weissman 1994" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 101 | "Fitts 1992" | Not disclosed in Apple's Amended Invalidity Contentions |

PLAINTIFF'S MOTION TO STRIKE

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

| CHART A–UNDISCLOSED INVALIDITY THEORIES | | |
|---|---|---|
| Report Paragraph Number | Reference/Invalidity Theory | Nondisclosure |
| 103 | "PortfolioWall" | Not disclosed in Apple's Amended Invalidity Contentions |
| 107-109, 116 | "Accot and Zhai 1997" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 120-123 | Magic Cursor 2000 | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparisons of reference with language of claims of patents-in-suit |
| 124 | "All references in this chronology are herein relied upon to show how every element claimed in the patents-in-suit would have been obvious…" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparisons of reference with language of claims of patents-in-suit; improper vague and holistic obviousness theory that does not employ an element-by-element analysis |
| 140 | "Quinnell 1995"; "It was not just academics who taught the elments of the patents-in-suit in prior art publications, but also computer magazines…[describing reference purportedly disclosing asserted claim elements of "user feedback" and "selected operation". | Undisclosed comparisons of reference with language of claims of patents-in-suit; |
| 145 | "Touch Jan. 1999," "thus did not require an exertion of pressure." | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 152 | "Given this history of development of the elements recited in the asserted claims of the patents-in-suit that is shown in the prior art, the asserted claims are at least rendered obvious by the prior art. As the history shows, every element was well known and used in various combinations with others, in accordance with motivations taught in the art. | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison with language of claims of patents-in-suit; improper vague and holistic obviousness theory that does not employ an element-by-element analysis |
| 159 | Combining "Kim '197" with "Quinnell 1995"; | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 247 | Comparison of "Quinnell 1995" to elements of '691 patent, including "pointer" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed |

PLAINTIFF'S MOTION TO STRIKE

RUSS, AUGUST & KABAT

| CHART A-UNDISCLOSED INVALIDITY THEORIES | | |
|---|---|---|
| Report Paragraph Number | Reference/Invalidity Theory | Nondisclosure |
| | | comparison of reference with language of claims of patents-in-suit |
| 341-342 | Combination of "Kim '197" with "Zetts '113" to invalidate claim 42 of '691 patent | Not disclosed in Apple's Amended Invalidity Contentions |
| 343-344 | Combination of "Kim '197" with "Falcon 719" to invalidate claim 42 of '691 patent | Not disclosed in Apple's Amended Invalidity Contentions |
| 396 | Combination of "Schrock '908" with "Quinnell 1995" to disclose "pointer" of asserted '691 patent claims | Not disclosed in Apple's Amended Invalidity Contentions |
| 463 | Combination of "Pisutha-Arnond '116" with "Quinnell 1995" to disclose "pointer" of asserted '691 patent claims | Not disclosed in Apple's Amended Invalidity Contentions |
| 519-520 | Combination of "Pisutha-Arnond '116" with "Zetts '113" to invalidate claim 42 of '691 patent | Not disclosed in Apple's Amended Invalidity Contentions |
| 521 | Combination of "Pisutha-Arnond '116" with "Falcon '719" to invalidate claim 42 of '691 patent | Not disclosed in Apple's Amended Invalidity Contentions |
| Section C "Prior Art Renders All Asserted Claims of the '691 Patent Obvious" (paragraphs 530-565) | This entire section asserts an undisclosed obviousness theory that nonspecific combinations of various references, in relation to only a few selected elements of the asserted claims of the '691 patent, somehow renders "all asserted claims of the '691 patent obvious" | Not disclosed in Apple's Amended Invalidity Contentions; improper amalgamation of nondisclosed opinions on only selected elements of the asserted claims of the '691 patent to somehow arrive at a vague and nonspecific obviousness opinion as to all asserted claims. |
| 532, 541, 562, 563 | Comparision of "Quinnell 1995" to element(s) of '691 asserted claim | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 607 | Comparison of "Quinnell 1995" with '443 patent claim terms, including "require an exertion of pressure…" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 612 | Combination of "Kim '197" with "Quinnell 1995" to invalidate claim 19 of the '443 patent; comparison of "Quinnell 1995" with '443 patent claim terms, including "require an exertion of pressure…" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 654 | Combination of "Kim '197" with "Quinnell 1995" to invalidate claim 19 of the '443 patent; | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed |

**PLAINTIFF'S MOTION TO STRIKE**

RUSS, AUGUST & KABAT

| CHART A-UNDISCLOSED INVALIDITY THEORIES | | |
|---|---|---|
| Report Paragraph Number | Reference/Invalidity Theory | Nondisclosure |
| | comparison of "Quinnell 1995" with '443 patent claim terms, including "require an exertion of pressure..." and "deactivation." | comparison of reference with language of claims of patents-in-suit |
| 655 | Combination of "Kim '197" with "Schrock '908" and/or "Zetts '113" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 657 | Combination of "Kim '197" with "Quinnell 1995" and/or "Schrock '908" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 658-659 | Combination of "Kim '197" with "Zetts '113" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 660-661 | Combination of "Kim '197" with "Falcon '719" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 662-664 | Combination of "Kim '197" with "Kurtenbach" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 665 | Combination of "Kim '197" with "Quinnell 1995" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 666-667 | Combination of "Kim '197" with "Heikkinen '036" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 668 | Combination of "Kim '197" with "Heikkinen '036" and "Quinnell 1995" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 669-670 | Combination of "Kim '197" with "Plaisant Art" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| Section C "Prior Art Renders Both Asserted Claims of the '443 Patent Obvious" (paragraphs 802-838) | This entire section asserts an undisclosed obviousness theory that nonspecific combinations of various references, in relation to only selected elements of the asserted claims of the '443 patent, somehow renders "all asserted claims of the '443 patent obvious" | Not disclosed in Apple's Amended Invalidity Contentions; improper amalgamation of nondisclosed opinions on only selected elements of the asserted claims of the '691 patent to somehow arrive at a vague and nonspecific obviousness opinion as to all asserted claims. |
| 805, 810, 811, 815 | Comparison of "Quinnell 1995" to element(s) of '443 claim 19 | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.** **Apple's Noninfringement Expert Report of Professor Klemmer Includes an Undisclosed Noninfringement Theory that Contradicts the Court's Claim Construction**

Zeroclick served its Patent Local Rule 3-1 Infringement Contentions in this case on January 27, 2016.  On June 1, 2016, Zeroclick also served its First Set of Interrogatories to Apple.  Interrogatory 1 sought "each and every basis for your denial and counterclaim alleging that you do not and/or have not infringed … the Asserted Patents, including an identification of the claim elements that you contend you do not practice [and] identification of all facts and documents that support or contradict your claim…" Ex. C.  On July 5, 2016, Apple responded by identifying, *inter alia*, numerous limitations of '443 claim 19, including the "without requiring an exertion of pressure on the screen" element, but did not mention or point to any portion of the prosecution history of the patent.  Ex. D.

Claim construction proceedings were occurring around the time of Apple's interrogatory response.  Notably, regarding the "without requiring an exertion of pressure on the screen" element of claims 19 of the '443 patent, Apple argued to the Court the term "is nontechnical and does not require construction.  Dkt. 50 (Apple's 7/11/16 Responsive Claim Construction Brief) at 10.  Apple further argued that the term is a "permissive limitation" and objected to a Zeroclick proposal that, in Apple's view, added limitation to the term.  *Id*.  Apple never identified any purported limiting prosecution history disclaimer for the term during claim construction proceedings.  Thereafter, the Court issued two *Markman* Orders.  The first was issued on August 16, 2016 and did not construe the "exertion of pressure" element.  The second was issued June 25, 2019 and construed the '443 claim term "without requiring an exertion of pressure on the screen" and adopted Apple's proposed construction, which was later agreed by Zeroclick, of "plain and ordinary meaning."  Dkt. 77 at 8.

On September 3, 2019, Zeroclick served Amended Infringement Contentions.  On November 1, 2019, Apple served its Supplemental Response to Interrogatory 1, which, in regard to the '443 patent, was identical to its original response and did not mention or cite any purported prosecution history disclaimer relevant to the '443 patent.  Ex. E.

7

RUSS, AUGUST & KABAT

On January 31, 2020, Apple served its Rebuttal Expert Report of Professor Scott Klemmer Regarding Infringement of U.S. Patent Nos. 8,549,443 and 7,818,691.  Ex. F.  In that report, Apple introduced for the first time, through Dr. Klemmer, a purported prosecution history disclaimer claim construction and noninfringement argument regarding the meaning of the claim element "without requiring an exertion of pressure on the screen."  *Id*. at ¶¶ 171-175.  For example, Dr. Klemmer states in his report "[b]ased on Dr. Irvine's statements in the prosecution history regarding what 'anyone skilled in the art' would understand about the meaning of the term 'without requiring an exertion of pressure on the screen,' the accused products do not meet this limitation."  *Id*. at ¶ 173.  Dr. Klemmer continues and states the element "requires that the screen and user interface code also (or exclusively) be configured to detect when the user's finger ***is 'not touching the screen' or 'making contact'*** (and thus is not using a 'tactile gesture,' but instead a 'non tactile gesture,' according to the prosecution history)…"  *Id*. (Emphasis added).  Dr. Klemmer concludes, based on this new limitation, that the accused products in this case do not practice the element because "[a] capacitive touchscreen, like those used in the accused devices, detects touch 'by the change in capacitance,' rather than pressure, but requires 'tactile' touch nonetheless (as Dr. Irvine put it), and thus some pressure, even if slight."  *Id*.

Dr. Klemmer's earlier invalidity report opines in numerous places that "capacitive" touchscreens do indeed practice the "without requiring an exertion of pressure" element.  *See* Ex. B at ¶ 68 ("As discussed in detail below, capacitive touchscreens, which can be controlled without the exertion of pressure…"); ¶ 77 ("capacitive touchscreens …, which were conventional in the art, permitted use without requiring an exertion of pressure on the screen").  Dr. Klemmer's invalidity report also explicitly opines "having reviewed the '443 patent, it is my opinion that the '443 patent does not specify whether any exertion of pressure is prohibited."  *Id*. at ¶ 77.

On February 14, 2020, counsel for Zeroclick and Apple met and conferred.  On February 19, 2020, counsel for Zeroclick shared additional information with Apple regarding this motion and identified the specific paragraph numbers of Dr. Klemmer's invalidity and noninfringement

8

reports subject to this motion.  On February 20, 2020, Apple advised Zeroclick that it would not withdraw any of the identified paragraphs.

## V.    ARGUMENT

### A.    The Court Should Strike Invalidity Theories in Dr. Klemmer's Report that Were Never Disclosed by Apple.

The disclosure requirements of Patent Local Rule 3-3 are designed "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc*., 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006); *accord ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099-JST, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014). "They are also designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Golden Bridge Tech. Inc v. Apple, Inc*., No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) (internal quotation marks omitted).  Patent Local Rule 3-3 required Apple to, in a timely fashion well before expert reports, disclose to Zeroclick its invalidity theories in this case.  In particular Apple was required to identify all its prior art references, state "whether each item of prior art anticipates each asserted claim or renders it obvious," and disclose "[a] chart ***identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found***…"  PLR 3-3(b)-(c) (emphasis added); *see also Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2018 WL 4945316, at *3 (N.D. Cal. Oct. 11, 2018).  Further, specifically regarding obviousness arguments, Apple's Invalidity Contentions were required to provide "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness."  PLR 3-3(b).

Apple failed to provide this requisite notice in many respects.  In particular, Dr. Klemmer's December 20, 2019 Invalidity Report included numerous invalidity references and theories, including purported obviousness combinations, that were never identified by Apple in its Amended Invalidity Contentions.  This is not only a violation of Apple's disclosure obligations, it is a

9

RUSS, AUGUST & KABAT

violation of the Patent Local Rules and the case schedule.  Portions of Dr. Klemmer's Invalidity Report, including undisclosed invalidity theories, should therefore be stricken.  *Takeda Pharm. Co. v. TWi Pharm., Inc.*, No. 13-CV-02420-LHK, 2015 WL 1227817, at *3 (N.D. Cal. Mar. 17, 2015) ("Any invalidity theories not disclosed pursuant to Local Rule 3–3 are barred . . . from presentation at trial (whether through expert opinion testimony or otherwise)" (quoting *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11–CV–5341–YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21, 2014)); *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-cv-00865-SI, 2014 WL 4100638, at *3 (N.D. Cal. Aug. 20, 2014) ("Given the purpose behind [these] disclosure requirements, a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions."); *Asia Vital Components Co.*, 2018 WL 4945316, at *5 ("where an expert report opines that prior art teaches additional limitations not identified in the invalidity contentions, these are new invalidity theories that were not properly disclosed and are properly struck.") (internal quote omitted).

Shown above in Chart A, Dr. Klemmer's introduction of new invalidity theories is vast and unsupported.  Chart A describes the specific reasons each new theory should be stricken due to nondisclosure in Apple's Amended Invalidity Contentions.  In general terms, Dr. Klemmer's new theories can be lumped into separate groups: undisclosed invalidity theories disguised as opinions regarding the "state of the art" or "chronology of development," undisclosed obviousness combinations, and undisclosed holistic obviousness theories that do not even purport to present an element-by-element or claim-by-claim analysis.

## 1.    Dr. Klemmer's Invalidity Report Includes Numerous New Invalidity Theories Disguised as "State of the Art"

Dr. Klemmer attempts to introduce numerous new invalidity theories regarding references and products not included at all in Apple's Amended Invalidity Contentions.  His report attempts to disguise these new references and theories as pertaining to the "State of the Art" but these new opinions constitute full-fledged invalidity theories never previously disclosed.  As shown in Chart

**PLAINTIFF'S MOTION TO STRIKE**

RUSS, AUGUST & KABAT

A, the following references, which Dr. Klemmer discusses in his "State of the Art" section of his report (paragraphs 84-123), do not appear anywhere in Apple's Amended Invalidity Contentions: "Sutherland 2003," "Casio AT-550 User Manual," "Casio AT-550 (product)," "Krueger 1995," "Fukumoto 1994," "Kohler 1994," "Freeman and Weissman 1994," "Fitts 1992," "PortfolioWall," "Accot and Zhai 1997," and "Magic Cursor 2000."

As an example, Dr. Klemmer's opinions concerning "Accot and Zhai 1997" spans four paragraphs and Dr. Klemmer concludes that "as discussed above, the Accot and Zhai 1997 references disclosed many, if not all, elements of the patents-in-suit, taught motivations to practice the elements of the patents-in-suit, and made those elements obvious." Ex. B at ¶ 116.  Similarly, regarding the undisclosed "Magic Cursor 2000" reference, Dr. Klemmer opines "Magic Cursor is yet another example of how the elements of the asserted claims were widely known" and opines specifically about the Court-construed claim terms "pointer" and "exertion of pressure." *Id.* at ¶¶ 120-123.  A third example of an entirely new invalidity analysis based on an undisclosed reference is Dr. Klemmer's opinions regarding the "Freeman and Weissman 1994" reference.  Dr. Klemmer opines:

> "[a]s in the patents-in-suit, the system described by Freeman and Weissman allowed a user to trigger a function by first moving the hand to a 'hot-spot' on the GUI, which was 'shown to the viewer by the solid circle below the hand…' The patents-in-suit similarly recites the use of a pointer to track the position of the user's hand, which may be controlling a mouse, stylus, or other pointer device and triggering functions by touching a 'control area' and making a subsequent movement."

*Id*. at ¶¶ 98-99.  This new invalidity theory specifically describes elements of '691 patent claim 2, such as "control area," "pointer" and "subsequent movement."

If there is any doubt that any of these new purported "State of the Art" references constitute an undisclosed invalidity opinion, Dr. Klemmer himself confirms as much, as he sums up his entire "State of the Art" section:

> "All references in this chronology are herein relied upon to show how every element claimed in the patents-in-suit would have been obvious, there was motivation to try the combinations of elements claimed in the patents-in-suit, there was motivation to combine the references discussed in this report, and combinations of elements claimed by the patents-in-suit yielded only predictable results."

11

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

*Id*. at ¶ 124.

Dr. Klemmer's purported "State of the Art" section makes numerous undisclosed full-fledged invalidity arguments, which compare undisclosed references to the patents-in-suit and patent elements. Dr. Klemmer concludes and confirms that his undisclosed arguments, in his view, demonstrate invalidity of the patents-in-suit. Accordingly, these opinions regarding undisclosed invalidity theories should all be stricken. *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 4097740, at *1–2 (N.D. Cal. Sept. 17, 2012) (rejecting distinction between "prior art" and "what defendants term 'background on the art,'" and "reject[ing] such attempts to elude patent local rules by defining materials as 'background' or 'context'"); *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1047–48 (N.D. Cal. 2011) (excluding prior art not included in invalidity contentions over defendants' arguments that references were being offered "simply ... to provide 'context for how a person of ordinary skill in the art would have understood certain terms of art,'" and that the references "were disclosed in interrogatory responses or expert reports, or were initially cited by the [movant]"); *Largan Precision Co.*, 2014 WL 6882275, at *6 (rejecting argument that prior art was just "background" since the expert used the prior art "as an example of a reference that teaches the benefits of [the invention] and that would motivate modifying [other prior art] to include a[] [claim limitation]," and holding "That is not background; it is asserted prior art.")

**2.      Dr. Klemmer's "Chronology of Development" Section Similarly Includes Undisclosed Comparisons of Asserted Claim Elements to the Prior Art References**

Very similar to Dr. Klemmer's "State of the Art" section, his "Chronology of Development" section (paragraphs 124-152) is yet another undisclosed invalidity theory in disguise. For example, paragraph 140 includes undisclosed comparisons of a reference "Quinnell 1995" to asserted claim language: "It was not just academics who taught the elements of the patents-in-suit in prior art publications, but also computer magazines. In 1995, EDN Magazine mentioned the distinction between lifting a finger off the screen and keeping it on the screen to

activate or cancel a selected operation…" Ex. B at ¶ 140.  This is a specific invalidity opinion concerning elements of '443 claim 19, which requires a "selected operation" and "deactivation" of the operation while the user's finger is on the screen.  As another example, in paragraph 145 of his report, Dr. Klemmer introduces a reference not disclosed in Apple's Amended Invalidity Contentions named "Touch Jan 1999" and opines that the reference showed prior art that practiced the "require an exertion of pressure" element of '443 claim 19.

If there is any doubt that Dr. Klemmer's opinions regarding the "Chronology of Development" includes new veiled invalidity theories, Dr. Klemmer himself opines:

> "Given this history of development of the elements recited in the asserted claims of the patents-in-suit that is shown in the prior art, the asserted claims are at least rendered obvious by the prior art. As the history shows, every element was well known and used in various combinations with others, in accordance with motivations taught in the art."

*Id*. at ¶ 152.

Accordingly, this section of Dr. Klemmer's report includes, and is itself, an undisclosed invalidity theory in violation of PLR 3-3.  These paragraphs and theories should be stricken from Dr. Klemmer's Report.

### 3.    Dr. Klemmer's Invalidity Expert Report Includes Undisclosed Obviousness Combinations

In addition to including new invalidity theories disguised as background material, Dr. Klemmer's expert report also includes undisguised obviousness theories and combinations not disclosed in Apple's Amended Invalidity Contentions.  They should similarly be stricken.

Apple's Amended Invalidity Contentions included 36 charts (18 per asserted patent) comparing claim elements to various primary invalidity references and, for some elements of the asserted claims, disclosed obviousness combinations.  Dr. Klemmer's opinions disclosed in his Invalidity Expert Report include numerous obviousness combinations never previously disclosed.  For example, as shown above in Chart A, Dr. Klemmer opines that the "Kim '197," "Schrock '908," and/or "Pisutha-Arnond '116" references can be combined with "Quinnell 1995" to show obviousness of particular elements of the '691 and '443 patents.  Ex. B at ¶¶ 159, 247, 396, 463,

607, 612, 654, 657, and 665.  The "Quinnell 1995" reference is disclosed nowhere in Apple's served invalidity charts regarding those references.  *See* Exs. G-J (Apple's Amended Invalidity Charts for Kim '197-'443 patent, Kim '197-'691 patent, Schrock '908-'691 patent, and Pisutha-Arnond '116-'691 patent).  As further examples, Dr. Klemmer's report discloses for the first time the following obviousness combinations, none of which were disclosed in Apple's invalidity contentions":

| CHART B – Undisclosed Obviousness Theories | | |
|---|---|---|
| Report Paragraph Number | Reference/Invalidity Theory | Nondisclosure |
| 159 | Combining "Kim '197" with "Quinnell 1995"; | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 247 | Comparison of "Quinnell 1995" to elements of '691 patent, including "pointer" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 341-342 | Combination of "Kim '197" with "Zetts '113" to invalidate claim 42 of '691 patent | Not disclosed in Apple's Amended Invalidity Contentions |
| 343-344 | Combination of "Kim '197" with "Falcon 719" to invalidate claim 42 of '691 patent | Not disclosed in Apple's Amended Invalidity Contentions |
| 396 | Combination of "Schrock '908" with "Quinnell 1995" to disclose "pointer" of asserted '691 patent claims | Not disclosed in Apple's Amended Invalidity Contentions |
| 463 | Combination of "Pisutha-Arnond '116" with "Quinnell 1995" to disclose "pointer" of asserted '691 patent claims | Not disclosed in Apple's Amended Invalidity Contentions |
| 519-520 | Combination of "Pisutha-Arnond '116" with "Zetts '113" to invalidate claim 42 of '691 patent | Not disclosed in Apple's Amended Invalidity Contentions |
| 521 | Combination of "Pisutha-Arnond '116" with "Falcon '719" to invalidate claim 42 of '691 patent | Not disclosed in Apple's Amended Invalidity Contentions |
| Section C "Prior Art Renders All Asserted Claims of the '691 Patent Obvious" (paragraphs 530-565) | This entire section asserts an undisclosed obviousness theory that nonspecific combinations of various references, in relation to only a few selected elements of the asserted claims of the '691 patent, somehow renders "all asserted claims of the '691 patent obvious" | Not disclosed in Apple's Amended Invalidity Contentions; improper amalgamation of nondisclosed opinions on only selected elements of the asserted claims of the '691 patent to somehow arrive at a vague and nonspecific obviousness opinion as to all asserted claims. |

RUSS, AUGUST & KABAT

| CHART B – Undisclosed Obviousness Theories | | |
|---|---|---|
| Report Paragraph Number | Reference/Invalidity Theory | Nondisclosure |
| 532, 541, 562, 563 | Comparison of "Quinnell 1995" to element(s) of '691 asserted claim | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 607 | Comparison of "Quinnell 1995" with '443 patent claim terms, including "require an exertion of pressure…" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 612 | Combination of "Kim '197" with "Quinnell 1995" to invalidate claim 19 of the '443 patent; comparison of "Quinnell 1995" with '443 patent claim terms, including "require an exertion of pressure…" | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 654 | Combination of "Kim '197" with "Quinnell 1995" to invalidate claim 19 of the '443 patent; comparison of "Quinnell 1995" with '443 patent claim terms, including "require an exertion of pressure…" and "deactivation." | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 655 | Combination of "Kim '197" with "Schrock '908" and/or "Zetts '113" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 657 | Combination of "Kim '197" with "Quinnell 1995" and/or "Schrock '908" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |
| 658-659 | Combination of "Kim '197" with "Zetts '113" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 660-661 | Combination of "Kim '197" with "Falcon '719" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 662-664 | Combination of "Kim '197" with "Kurtenbach" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 665 | Combination of "Kim '197" with "Quinnell 1995" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 666-667 | Combination of "Kim '197" with "Heikkinen '036" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |
| 668 | Combination of "Kim '197" with "Heikkinen '036" and "Quinnell 1995" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions; undisclosed comparison of reference with language of claims of patents-in-suit |

15

**PLAINTIFF'S MOTION TO STRIKE**

| CHART B – Undisclosed Obviousness Theories | | |
|---|---|---|
| Report Paragraph Number | Reference/Invalidity Theory | Nondisclosure |
| 669-670 | Combination of "Kim '197" with "Plaisant Art" to invalidate "deactivate" element 19f | Not disclosed in Apple's Amended Invalidity Contentions |

*See* Exs. G-J.

For the same reasons described above regarding Dr. Klemmer's new invalidity opinions disguised as background opinions, these new obviousness combinations should also be stricken. They constitute invalidity theories and obviousness combinations not disclosed in Apple's Amended Invalidity Contentions.

**4.      Dr. Klemmer's Undisclosed Holistic Obviousness Theories that Vaguely Combine Numerous Prior Art References in Nonspecific Ways Should be Stricken.**

In addition to the undisclosed specific references and combinations described above, Dr. Klemmer's Invalidity Expert Report also includes two undisclosed obviousness opinions (one for each patent), which consist of two undisclosed nonspecific amalgamations of numerous prior art references. Ex. B Sections V.C (¶¶ 530-565), VI.C (¶¶ 802-838). Dr. Klemmer's obviousness opinions in these sections do not even perform a claim-by-claim or element-by-element analysis. They should be stricken because a) they were not disclosed in Apple's Amended Invalidity Contentions, and b) they are based on improper and unreliable methodology.

Sections V.C and VI.C are titled "Prior Art Renders [All/Both] Asserted Claims of the ['691/'443] Patent Obvious." They do not consist of an element-by-element, or even a claim-by-claim analysis of any prior art or any defined combination of prior art. Instead, Dr. Klemmer refers generally to his earlier opinions (which explained above, should largely be stricken) and performs a holistic analysis of each patent, with reference to only selected claim elements, concluding that all asserted claims are obvious. Apple never disclosed these opinions, and thus they should be stricken. Not only were the opinions as a whole never disclosed, but they consist largely of subsidiary opinions that themselves were never disclosed. For example, Dr. Klemmer, for both the '691 patent and '443 patent holistic analyses, relies upon subsidiary opinions regarding the

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

"Quinnell 1995" reference, which was not included in Apple's Amended Invalidity Contentions. *See id*. ¶¶ 532, 541, 562, 563, 805, 810, 811 and 815.  It would be unfair surprise at this point to allow Dr. Klemmer to give these opinions at trial.

Moreover, these holistic nonspecific obviousness opinions are impossible to follow analytically and employ faulty methodology.  Patent Local Rule 3-3(b)-(c) requires disclosure of "[a] chart ***identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found***…"  For these opinions, this requisite information is not only absent from Apple's Amended Invalidity Contentions, Dr. Klemmer's opinions are also unintelligible in this regard.  Thus, in addition to being undisclosed, these opinions should be stricken as constituting faulty, improper and unintelligible methodology.  *See, e.g., ActiveVideo Networks, Inc. v. Verizon Comm'ns, Inc*., 694 F.3d 1312, 1327 (Fed. Cir. 2012) (no invalidity could be found where an expert "failed to explain how specific references could be combined, which combination(s) of elements in specific references would yield a predictable result, or how any specific combination would operate or read on the asserted claims."); *Innogenetics, N.V. v. Abbott Labs*., 512 F.3d 1363, 1373-74 (Fed. Cir. 2008) ("Such vague testimony would not have been helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness."); *Daubert,* 509 U.S. at 591-92 ("Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.")

### 5.   Zeroclick is Significantly Prejudiced By Apple's Failure to Disclose Numerous Invalidity Theories Present in Dr. Klemmer's Report

Apple's failure to abide by the Patent Local Rules has inflicted considerable prejudice on Zeroclick.  Dr. Klemmer's new invalidity theories are numerous, and mount on top of the considerable number of theories Apple already disclosed in its invalidity contentions, which are also included in Dr. Klemmer's Invalidity Report.  Zeroclick and its rebuttal expert, Dr. Zeger, had limited time to consider and respond to these numerous theories.  Zeroclick also had no notice of these theories during the claim construction process, and thus could not consider them while

17

forming its positions on the meaning of claim terms.  Further, to the extent Dr. Klemmer's opinions are vaguely disguised as background material and/or are holistic obviousness opinions not performed on an element-by-element, claim-by-claim, or even patent-by-patent basis, Dr. Klemmer's new invalidity theories are unintelligible and nearly impossible to respond to.  Such undue prejudice to Zeroclick confirms Dr. Klemmer's opinions that include new invalidity theories should be stricken.

> **B.**     **Dr. Klemmer's Opinion regarding the "Without Requiring An Exertion Of Pressure On The Screen" Element Contradicts the Court's Claim Construction, is an Undisclosed Noninfringement Argument, and Should be Stricken**

Dr. Klemmer served his Rebuttal Infringement Expert Report on January 31, 2020.  Dr. Klemmer included in that report a brand new claim construction and noninfringement argument regarding '443 patent claim 19 element "without requiring an exertion of pressure on the screen."  Ex. F at ¶¶ 171-175.  Dr. Klemmer opined that, because of a purported prosecution history disclaimer, the claim element "requires that the [touch] screen and user interface code also (or exclusively) be configured to detect when the user's finger is 'not touching the screen' or 'making contact' (and thus is not using a 'tactile gesture,' but instead a 'non tactile gesture,' according to the prosecution history)…"  *Id*. at ¶ 171.  Essentially, Dr. Klemmer argues, based on a purported prosecution history disclaimer argument never disclosed or raised during claim construction, that the '443 patent requires a "touchscreen" that senses a "touch" without a finger actually touching a screen, as opposed to a screen that, for example, merely does not have or require pressure sensors.  This opinion is improper for three reasons, each of which is independently sufficient to strike this particular opinion: 1) Dr. Klemmer raises a claim construction argument that Apple failed to timely raise during claim construction proceedings, and thus waived; 2) Dr. Klemmer offers an improper legal opinion about legal matters of claim interpretation based on prosecution disclaimer for which he has no professed expertise; and 3) Dr. Klemmer offers a new theory of non-infringement that Apple failed to timely disclose in its responses to Interrogatories.

**PLAINTIFF'S MOTION TO STRIKE**

1.      **Dr. Klemmer's Opinion Regarding "Without Requiring an Exertion of Pressure on the Screen" is a New Claim Construction Argument that Contradicts the Court's Claim Construction Order**

Asserted Claim 19 of the '443 patent requires, in pertinent part:

"…a touch-sensitive screen configured to detect being touched by a user's finger without requiring an exertion of pressure on the screen…" and "… user interface code being configured to detect one or more locations touched by a movement of the user's finger on the screen without requiring an exertion of pressure…"

Apple argued throughout claim construction proceedings that the "without requiring an exertion of pressure on the screen" element, which is repeated twice in claims 19 of the '443 patent, "is nontechnical and does not require construction." Dkt. 50 (Apple's 7/11/16 Responsive Claim Construction Brief) at 10.  Apple further argued that the term is a "permissive limitation" and objected to a Zeroclick proposal that, in Apple's view, added limitation to the term.  *Id*.  Apple never identified any purported limiting prosecution history disclaimer for the term during claim construction proceedings.  Thereafter, the Court issued two *Markman* Orders.  The second order was issued June 25, 2019 and construed the '443 claim term "without requiring an exertion of pressure on the screen" and adopted Apple's proposed construction, which was agreed to by Zeroclick at the hearing, of "plain and ordinary meaning." Dkt. 77 at 8.

Apple cannot now argue through its expert, Dr. Klemmer, that the construction it sought and received via Court order is incorrect or should bear additional limitations.  Dr. Klemmer's proposed construction, which states that the "touch-sensitive screen" that "detects one or more locations touched"  somehow "requires that the [touch] screen and user interface code also (or exclusively) be configured to detect when the user's finger is '***not touching*** the screen' or 'making contact'" ( Ex. F at ¶ 171, emphasis added) does not comport with the "plain and ordinary meaning" of the phrase "without requiring an exertion of pressure on the screen" because that phrase is used to describe a touch screen and the detection of touches.  In any event, it adds

19

RUSS, AUGUST & KABAT

limitations to a term that Apple explicitly argues, and the Court ordered, is not burdened with any additional limitation.  Dr. Klemmer relies on his new claim construction to opine that Apple's accused products do not infringe the '443 patent because they include a "capacitive touchscreen." *Id*. at ¶ 173

Dr. Klemmer himself, in his Opening Invalidity Report, does not even mention the prosecution history statements, and opines throughout the report that various references (including "capacitive" touch screens) disclose this claim element, without mentioning his additional limitations.  *See* Ex. B at ¶ 68 ("As discussed in detail below, capacitive touchscreens, which can be controlled without the exertion of pressure…"); ¶ 77 ("capacitive touchscreens …, which were conventional in the art, permitted use without requiring an exertion of pressure on the screen").  Dr. Klemmer added new limitations to argue noninfringement, but did not employ this new construction in his invalidity opinions.  Dr. Klemmer's new opinions and arguments that the phrase "without requiring an exertion of pressure on the screen" carries limitations from statements made during patent prosecution should be struck for the simple reason that the opinion violates the Court's claim construction and in turn conflicts with Dr. Klemmer's invalidity opinions.  *Exergen Corp. v. Wal-Mart Stores, Inc*., 575 F. 3d 1312, 1321 (Fed. Cir. 2009) ("No party may contradict the court's construction to a jury"); *Sulzer Textil A.G. v. Picanol N.V*., 358 F.3d 1356, 1366 (Fed. Cir. 2004) ("[t]he jury must be told that the court has made a clam construction ruling that the jury must follow and cannot be left free to apply its own reading of disputed terms to the facts of the case."); *Fenner Inv., Ltd. v. Microsoft Corp*., 632 F. Supp. 2d 627, 638 (E.D. Tex. 2009) (excluding testimony contrary to claim construction); *MLC Intellectual Prop., LLC v. Micron Tech., Inc*., No. 14-CV-03657-SI, 2019 WL 2943414, at *1 (N.D. Cal. July 8, 2019) (expert testimony that "contradicts the Court's Supplemental Claim Construction Order [] may not be presented at trial.")

1

2

3

**2.      Dr. Klemmer's Opinion Regarding "Without Requiring an Exertion of Pressure on the Screen" is Impermissible Claim Construction that Usurps the Court's Role**

In addition to violating the Court's Claim Construction, Dr. Klemmer's exposition of the intrinsic record, namely the prosecution history, in an effort to burden Claim 19 with additional limitations is itself a claim construction- a legal opinion which improperly usurps the Court's role to construe the claims. *Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, No. EDCV1701388ABKKX, 2019 WL 6481307, at *5 (C.D. Cal. Aug. 27, 2019) (excluding expert's noninfringement opinion that was "a claim construction argument focused on the intrinsic evidence"); *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 387, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) ; *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) ("[I]t is improper to argue claim construction to the jury because the 'risk of confusing the jury is high when experts opine on claim construction.'"); *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd*., 340 F. Supp. 3d 934, 949 (N.D. Cal. 2018) ("[b]ecause claim construction is a matter of law to be decided by the court, … expert witnesses are not permitted to argue claim constructions to the jury.") (citation omitted); *MediaTek*, 2014 WL 971765, at *5 (rejecting argument that expert was "merely offering testimony within the purview of the plain and ordinary meaning of the patent claim terms" when the expert "relies heavily on the prosecution history … to explain and expound upon a specific meaning and/or requirements of the terms identified.")

Dr. Klemmer's opinions regarding this element are neither a technical opinion, nor a technical comparison to the "plain and ordinary meaning" of the element.  Dr. Klemmer relies exclusively on the prosecution history in an attempt to introduce a new limitation, which makes little sense when read with the '443 claim 19 as a whole, to the plain and ordinary meaning of the "exertion of pressure" element.  To the extent Dr. Klemmer's opinion regarding this element is at all technical, and not a claim construction argument, Apple could have, but did not, submit an expert declaration during claim construction proceedings.  Apple also could have actually

proposed the limitation on the term it now seeks to impose via Dr. Klemmer's opinions.  It did not, and to do so now, particularly in contravention of the Court's Construction Order, is improper. This for this separate reason, Dr. Klemmer's opinion construing "without requiring an exertion of pressure on the screen" should be struck.

### 3. Dr. Klemmer's Opinion Regarding "Without Requiring an Exertion of Pressure on the Screen" is an Undisclosed Noninfringement Argument

Early in the case, Zeroclick served Interrogatory 1, seeking "each and every basis for [Apple's] denial and counterclaim alleging that [it does] not and/or [has] not infringed … the Asserted Patents, including an identification of the claim elements that [Apple] contend[s] [it does] not practice [and] identification of all facts and documents that support or contradict [its] claim…" Ex. C.  Apple responded by identifying, *inter alia*, numerous limitations of '443 patent claim 19, including the "without requiring an exertion of pressure on the screen" element, but did not mention or point to any portion of the prosecution history of the patent.  Ex. E.  Explained above, Apple also never argued prosecution history disclaimer during claim construction.  On January 31, 2020, in Dr. Klemmer's Rebuttal Noninfringement Report, Apple, for the first time, disclosed it intended to rely on the prosecution history of the '443 patent as a noninfringement argument.  Such litigation by surprise violates Fed. R. Civ. P. 37(c)(1): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (purpose of contention interrogatories to make parties "crystallize their theories of the case early in the litigation.").  To avoid exclusion, Apple must show that its failure to disclose its noninfringement argument regarding the "requiring an exertion of pressure on the screen" element was either substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001).  Apple cannot make either required showing.

**PLAINTIFF'S MOTION TO STRIKE**

Apple cannot argue its failure to disclose was justified.  The noninfringement argument is not technical in nature, and is based on a prosecution history disclaimer argument.  Even if it was based on a technical opinion of its expert, Apple presumably had access to the expert throughout the discovery period.  Apple's failure to disclose is also not justified for the reasons described above.  Notably, the noninfringement argument depends on a claim construction position that should have been disclosed in mid-2016, not early 2020.

Nor can Apple argue that its failure to disclose the noninfringement argument was harmless.  Zeroclick formed its infringement positions based on the Court's claim constructions, including the construction of "without requiring an exertion of pressure."  Moreover, Apple disclosed this argument at the last possible moment, when there was no provision for Zeroclick or its experts to actually address the argument.  Indeed, Dr. Klemmer expressly faults Zeroclick's infringement expert, Dr. Zeger, for not addressing the argument, which, of course, was never disclosed to him and was never raised during claim construction or in Apple's interrogatory responses.  *See* Ex. F at ¶ 171 ("The prosecution history supports this understanding of the relevant claim language, which Dr. Zeger fails to address…")  Had Apple properly disclosed this argument, Zeroclick's expert(s) could have addressed it in their report(s)[1].   Apple's undisclosed noninfringement and claim construction arguments irreparably prejudice Zeroclick. Accordingly, they are not "harmless" and should be struck.

---

[1]Zeroclick also could have addressed Dr. Klemmer's erroneous reading and selective quoting of the prosecution history that underlies his new claim construction and noninfringement argument. Regardless of how Dr. Irvine's comments in the August 3, 2012 filing may be construed, he almost immediately retracted them, explaining to the examiner that "any description in the previous office reply was placing no limitation on the claim language of any of the … claims…thus none of the description in the previous office action was intended and should not be interpreted to limit the claim language." Ex. K (9-7-2012 Clarification of Response on August 3rd 2012").  In addition, the examiner expressly did not rely on Dr. Irvine's August 3rd comments (which Dr. Irvine later retracted) to overcome the rejection over the Singh art, and instead relied on different, earlier comments by Dr. Irvine.  Ex. L (12-4-2012 Non-Final Rejection) at 2 ("Applicant's arguments, *filed 7/25/12*…have been fully considered and are persuasive.")

RUSS, AUGUST & KABAT

# VI.     CONCLUSION

For the reasons described above, Dr. Klemmer's opinions related to undisclosed invalidity theories, invalidity theories that do not embark on a claim-by-claim or element-by-element analysis, and new claim construction/noninfringement arguments should be struck.

Respectfully submitted,


DATED: February 21, 2020                  RUSS AUGUST & KABAT


By:        /s/ Brian D. Ledahl
_____
Brian D. Ledahl


*Attorneys for Plaintiff*
Zeroclick, LLC

**PLAINTIFF'S MOTION TO STRIKE**

RUSS, AUGUST & KABAT

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that the counsel of record who are deemed to have consented to electronic

3  service are being served with a copy of this document via the Court's CM/ECF system per Local

4  Rule CV-5(a)(3).  Unless service is governed by F.R. Civ. P. 4 or L.R. 79-5.3, service with this

5  electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal

6  Procedure, and the NEF itself will constitute proof of service for individuals so served.

7

8

9  DATED: February 21, 2020

10                                          By:     */s/ Brian D. Ledahl*
                                                    Brian D. Ledahl

11

RUSS, AUGUST & KABAT

**PLAINTIFF'S MOTION TO STRIKE**