RUSS, AUGUST & KABAT
Marc A. Fenster (SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (SBN 186579)
bledahl@raklaw.com
Jacob R. Buczko (SBN 269408)
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Zeroclick, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ZEROCLICK, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 4:15-cv-04417-JST<br><br>Date: May 6, 2020<br>Time: 2:00 p.m.<br><br>**PLAINTIFF ZEROCLICK, LLC'S ANSWERING BRIEF IN OPPOSITION TO APPLE INC.'S MOTION TO DISMISS; DECLARATOIN OF BRIAN LEDAHL** |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   APPLE FAILS TO DEMONSTRATE A LACK OF STANDING ............... 1

III.  AT MOST, AMENDMENT TO CONFORM TO PROOF IS SUFFICIENT ............................................................................................................ 3

IV.  CONCLUSION ..................................................................................................... 4

Russ, August & Kabat

i

# TABLE OF AUTHORITIES

**Cases**

*Abbot Labs. V. Roxane Labs., Inc.*,
　2013 WL 2322770 (D. Del. May 28, 2013) ...................................................................... 4

*Biovail Labs., Inc. v. Abrika, LLLP*,
　2005 WL 8154800 (S.D. Fla. June 27, 2005) .................................................................. 4

*Insituform Tech's., Inc. v. CAT Contracting, Inc.*,
　385 F.3d 1360 (Fed. Cir. 2004) ........................................................................................ 3

*LBS Innovations LLC v. Aaron Brothers, Inc.*,
　20212 WL 12897918 (E.D. Tex. Sep. 20, 2012) .............................................................. 4

*Pi-Net Int'l., Inc. v. Focus Business Bank*,
　2015 WL 1538259 (N.D. Cal. Apr. 6, 2015) .................................................................... 4

*Schreiber Foods, Inc. v. Beatrice Chees, Inc.*,
　402 F.3d. 1198 (Fed. Cir. 2005) ....................................................................................... 3

*Technology Properties Ltd. LLC v. Canon Inc.*,
　2016 WL 3361846 (N.D. Cal. June 17, 2016) ................................................................. 4

## I. INTRODUCTION

Apple's motion makes little sense and fails to support any of the relief requested. This case was brought by Zeroclick, LLC, an entity that Apple does not dispute owned the patents-in-suit at the time that the action was initiated. Later, ownership of that entity (which owned the patents) was transferred to the inventor of the patents, Dr. Nes Irvine. After that transfer, as the new sole member of the LLC, Dr. Irvine sought to re-form the entity so that it had a new operating agreement. In an excess of caution, and to avoid any possible argument that the re-formed entity (also Zeroclick, LLC) retained the rights to the patents-in-suit, Dr. Irvine executed a confirmatory assignment to the re-formed entity. Apple tries to suggest that this unremarkable set of facts should somehow lead to dismissal of this action with prejudice, and that all proceedings should somehow be repeated. Apple offers no coherent explanation of why such dramatic actions are warranted.

While Zeroclick respectfully submits that Apple's motion should simply be denied, at most, the Court can order an amendment to conform to proof if Apple believes such an amendment is necessary that Zeroclick, LLC (which Apple refers to as "Zeroclick 2") is the successor in interest to Zeroclick, LLC (which Apple refers to as "Zeroclick 1"). This makes far more sense than suggesting that the parties somehow start over with litigation that has proceeded before this Court, and the Federal Circuit since 2015.

## II. APPLE FAILS TO DEMONSTRATE A LACK OF STANDING

Apple argues that the patentee is not the entity pursuing this case, but that argument makes little sense. Apple does not seem to dispute that Zeroclick, LLC is the owner of the patents-in-suit. Apple's argument appears to rely on the premise that there are two Zeroclick, LLCs. There are not. As Apple correctly recites, in 2015, Dr. Irvine (the inventor and original and then owner of the patents-in-suit) assigned the patents-in-suit to an entity called InterAD. Apple Brief at 2. Apple incorrectly states that InterAD assigned the patents further to Zeroclick, LLC. The

1

documents attached to Apple's motion show that InterAD changed its name to Zeroclick, LLC. Tapernoux Ex. 3 (Dkt. # 107-4). Zeroclick, LLC filed this lawsuit in 2015. Apple does not dispute that Zeroclick, LLC had standing to bring the suit.

The sole member of Zeroclick, LLC was an entity called Granicus IP, LLC. Subsequently, Granicus transferred its entire interest in Zeroclick, LLC to Dr. Irvine. Decl. of Brian Ledahl, Ex. A. None of this changed anything in the standing of Zeroclick, LLC to pursue this lawsuit, and Apple does not appear to suggest that it did.[1]

After the transfer of all interests in the entity Zeroclick, LLC to Dr. Irvine (including the right to continue pursuit of this lawsuit against Apple), Dr. Irvine undertook to reform the entity with a new operating agreement as its now sole member. Thus, a new operating agreement for Zeroclick, LLC, a Texas Limited Liability Company was filed. Tapernoux Ex. 5. In an excess of caution, and to avoid any possible confusion that Zeroclick, LLC was the owner of the patents-in-suit, Dr. Irvine also executed a confirmatory assignment of the patents to Zeroclick, LLC. Tapernoux Ex. 6.

None of this demonstrates a lack of standing. Zeroclick, LLC is the owner of the patents-in-suit, and it is the plaintiff in this case. The fact that it was re-formed with a new LLC operating agreement should be of no moment. Apple's suggestion that this affects standing finds no support in any of the cases Apple cites. None of them even purport to relate to such facts.

---

[1] Apple suggests that the fact that at some point a termination document was filed with the Texas Secretary of State has some significance, but it fails to explain how this in any way changed the ownership of the patents-in-suit. Zeroclick, LLC was the owner, and all interests in that entity were transferred to Dr. Irvine. To the extent that the active status of that entity was somehow suspended, that was remedied by Dr. Irvine's subsequent reformation of the entity – Zeroclick, LLC, a Texas Limited Liability Company.

### III. AT MOST, AMENDMENT TO CONFORM TO PROOF IS SUFFICIENT

Apple argues that there is no way to remedy the non-issue it identifies but dismissal. Federal Circuit precedent uniformly rejects Apple's premise. As noted previously, Apple does not dispute that standing was proper when this action began. At most, Apple seems to argue that there has been a transfer of ownership that alters standing. While Zeroclick disagrees, even if Apple was correct, the Federal Circuit makes clear that such issues are properly corrected through amendment or substitution of party. Apple relies, for example, on the Federal Circuit's *Schreiber Foods* decision, but that case reversed a district court ruling that a judgment of infringement was void because ownership of the patents-in-suit had transferred during the suit. *Schreiber Foods, Inc. v. Beatrice Chees, Inc.*, 402 F.3d. 1198, 1203-1204 (Fed. Cir. 2005).[2] The Federal Circuit reiterated its own precedent that "temporary loss of standing during patent litigation can be cured before judgment." *Id.* at 1204.

As noted by the *Schreiber* court, the Federal Circuit allows joinder or substitution of parties if necessary to cure a standing defect that arises during the life of a patent case. For example, the Federal Circuit upheld the joinder of a transferee as a party plaintiff in an action, where the actual joinder was more than two years after the transfer. *Insituform Tech's., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1371-72 (Fed. Cir. 2004). Other courts, including in this district similarly recognize that under *Schreiber* and *Insituform*, the appropriate action if a transfer takes place during litigation is to simply substitute the party plaintiff for the new owner, or otherwise allow for a cure of any standing defect. *See, e.g., Uniloc USA Inc. v. LG Electronics U.S.A. Inc.*, 2019 WL 690290, *1-2 (N.D. Cal., Feb. 19, 2019) (Tigar, J., holding that substitution of parties due to transfer during

---

[2] The *Schreiber* court upheld the district court's grant of a motion to vacate a judgment on a separate ground as a sanction for litigation misconduct – specifically presenting false statements to the Court and in discovery. Apple neither shows, nor even asserts, that such facts exist here.

3

litigation was appropriate); *Technology Properties Ltd. LLC v. Canon Inc.*, 2016 WL 3361846, *4 (N.D. Cal. June 17, 2016) (Wilken, J., holding that a standing defect arising during litigation could be cured and allowing parties to a transfer agreement to amend the agreement to cure standing defect); *Abbot Labs. V. Roxane Labs., Inc.*, 2013 WL 2322770, *5-13 (D. Del. May 28, 2013) (allowing substitution of party to replace transferor with transferee); *Biovail Labs., Inc. v. Abrika, LLLP*, 2005 WL 8154800, *2-4 (S.D. Fla. June 27, 2005) (holding that standing issue created by transfer during litigation could be cured through amendment); *LBS Innovations LLC v. Aaron Brothers, Inc.*, 20212 WL 12897918, *1-2 (E.D. Tex. Sep. 20, 2012) (granting substitution of transferee as plaintiff in favor of transferor).

The other cases cited by Apple do not even address this issue. The *Speedplay* and *Visioneer* cases cited by Apple (Apple Br. at 2) relate to the general concept of standing and not to the actual issue presented here. Apple also cites the *Pi-Net* case from this district (Apple Br. at 4), but though that case cites the Federal Circuit's *Schreiber* decision, it does not address the curability of a standing defect as expressly contemplated by *Schreiber*. *Pi-Net Int'l., Inc. v. Focus Business Bank*, 2015 WL 1538259 (N.D. Cal. Apr. 6, 2015).

Given these clear precedents, to the extent that the Court concludes that a transfer of the patents-in-suit took place during the course of this litigation (as Apple contends), then the clear appropriate remedy is a substitution of the transferee (Zeroclick, LLC) as the party plaintiff. To the extent such a substitution is required, Zeroclick hereby requests that the Court enter such a substitution.

### IV. CONCLUSION

Apple fails to show that this action should be dismissed for lack of standing. At most, Apple shows that during the course of litigation, ownership of the patents-in-suit was transferred. In such cases, substitution, not dismissal, is the appropriate remedy.

Dated: March 16, 2020                    Respectfully submitted,

*/s/ Brian D. Ledahl*

Marc A. Fenster (SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (SBN 186579)
bledahl@raklaw.com
Jacob R. Buczko (SBN 269408)
jbuczko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Fax: (310) 826-6991

*Attorneys for Plaintiff Zeroclick, LLC*

## DECLARATION OF BRIAN LEDAHL

I, Brian Ledahl, declare and state as follows:

1. I am a member of the State Bar of California and an attorney at the firm of Russ, August & Kabat, counsel of record for the Plaintiff in the above-captioned action. I have personal knowledge of the facts set forth herein, and if called upon to testify, could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of an agreement transferring ownership interest in Zeroclick, LLC to Dr. Nes Irvine, produced in this action at ZEROCLICK_004408.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 16th day of March, 2020 at Los Angeles, California.

By: */s/ Brian D. Ledahl*_____
 Brian D. Ledahl

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all ECF registered participants.

By: */s/ Brian D. Ledahl*
Brian D. Ledahl

RUSS, AUGUST & KABAT