RUSS, AUGUST & KABAT
Marc A. Fenster (SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (SBN 186579)
bledahl@raklaw.com
Jacob R. Buczko (SBN 269408)
12424 Wilshire Boulevard 12th Floor
Los Angeles, California  90025
Telephone: (310) 826-7474
Facsimile:  (310) 826-6991

*Attorneys for Plaintiff Zeroclick, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ZEROCLICK, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 4:15-cv-04417-JST<br><br>**PLAINTIFF ZEROCLICK, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. # 129); DECLARATION OF BRIAN LEDAHL** |

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.  CHAIN OF TITLE PASSED TO DR. IRVINE ........................................... 1

    A.   Transfer By 2017 Assignment ............................................................ 1

    B.   Transfer By July 2019 Agreement ..................................................... 3

    C.   In Either Event, Dr. Irvine Owned The Patents-In-Suit in January 2020 ..................................................................................................... 4

III. SUBSTITUTION OF ZEROCLICK II IS THE APPROPRIATE RESULT ................................................................................................... 4

IV.  CONCLUSION ............................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Abbot Labs. V. Roxane Labs., Inc.*,
  2013 WL 2322770 (D. Del. May 28, 2013) ..................................................................5

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
  2009 WL 886514 (D. Ariz., Mar. 31, 2009); *aff'd*, 670 F.3d 1171 (Fed. Cir. 2012) ..................................................................................................................2

*Biovail Labs., Inc. v. Abrika, LLLP*,
  2005 WL 8154800 (S.D. Fla. June 27, 2005) ...............................................................5

*LBS Innovations LLC v. Aaron Brothers, Inc.*,
  20212 WL 12897918 (E.D. Tex. Sep. 20, 2012) ...........................................................5

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
  402 F.3d 1198 (Fed. Cir. 2005) .....................................................................................5

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
  2012 WL 928214 (D. Minn., Mar. 19, 2012) ...............................................................2

*Technology Properties Ltd. LLC v. Canon Inc.*,
  2016 WL 3361846 (N.D. Cal. June 17, 2016) ..........................................................4, 5

*W.L. Gore & Assocs., Inc. v. C.R. Gard, Inc.*,
  198 F. Supp. 3d 366 (D. Del. 2016) ..............................................................................2

**Statutes**

35 U.S.C. § 261 ........................................................................................................................2

## I. INTRODUCTION

The Court's Order to Show Cause directed Zeroclick to submit a brief regarding the chain of title of the patents-in-suit from 2017 until January 2020. Zeroclick respectfully submits that all interest in the patents-in-suit was transferred to Dr. Irvine prior to January 2020, either through an assignment dated August 30, 2017, prior to the time that Zeroclick, LLC (referred to by the Court as Zeroclick I) was terminated in December 2017; or by operation of the transfer agreement dated July 30, 2019, as clarified through the Amendment and Restatement of that Agreement executed by both Granicus IP, LLC (the sole member of Zeroclick I) and Dr. Irvine, the inventor of the patents-in-suit.  Under either scenario, all interest in the patents was transferred to Dr. Irvine prior to his reformation of Zeroclick, LLC (referred to by the Court as Zeroclick II), and prior to his January 2020 assignment of the patents to Zeroclick II.  In either event, Zeroclick, LLC (Zeroclick II) is the current owner of the patents-in-suit and should, under the reasoning of the Court's prior ruling, be substituted as the party plaintiff in this action.

## II. CHAIN OF TITLE PASSED TO DR. IRVINE

As noted above, all right, title, and interest to the patents-in-suit passed back to the inventor of the patents, Dr. Irvine, at one of two possible times.  For purposes of clarity, we address each in turn.

### A. Transfer By 2017 Assignment

As Dr. Irvine testified during his deposition, in 2017 issues arose in his relationship with the individual involved in management of Zeroclick, LLC.  Irvine Deposition (Ledahl Decl., Ex. C) at 43:11-17; 67:3-23.  On August 30, 2017, the manager of Zeroclick, LLC executed an Assignment Agreement and Patent Assignment on behalf of Zeroclick, LLC (Zeroclick I) transferring all interest in the patents-in-suit to Dr. Irvine.  Ledahl Supp. Decl., Ex. A.  In parallel, Zeroclick

1

executed an Agreement terminating Dr. Irvine's grant of license to Zeroclick, LLC of exclusive license to other, foreign patents and patent applications.  Ledahl Supp. Decl., Ex. B.

The Assignment Agreement and accompanying Assignment contained a space for Dr. Irvine to execute those documents, but he did not do so.  Irvine depo. (Ledahl Supp. Decl., Ex. C) at 67:3-23.  Notwithstanding the fact that Dr. Irvine did not execute the assignment, applicable law indicates that the assignment was nonetheless effective to transfer ownership.  35 U.S.C. § 261 provides that patents may be assignable in law "by an instrument in writing" but does not suggest that such a writing must be signed by the assignee.  Courts hold that an assignment need not be signed by an assignee to be effective.  *See W.L. Gore & Assocs., Inc. v. C.R. Gard, Inc.*, 198 F. Supp. 3d 366, 373-77 (D. Del. 2016) (holding that an assignment signed by assignor but not assignee was nonetheless an effective transfer); *Schwendimann v. Arkwright Advanced Coating, Inc.*, 2012 WL 928214, *4-*5 (D. Minn., Mar. 19, 2012) (holding that even without a signature, an assignment could be a written instrument under Section 261); *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 2009 WL 886514, *7 (D. Ariz., Mar. 31, 2009); *aff'd*, 670 F.3d 1171 (Fed. Cir. 2012) (holding that even an assignment not signed by the assignor could potentially be effective because Section 261 does not impose any particular requirement on the form of writing), *opinion vacated in part on reconsideration*, 682 F.3d 1003 (Fed. Cir. 2012), and *vacated in part on reh'g en banc*, 4576 F. App'x. 747 (Fed. Cir. 2012).

Given this applicable precedent, when Zeroclick, LLC executed an assignment of the patents-in-suit in 2017, that assignment was effective to transfer the patents to Dr. Irvine even without his signature.  The Court raised the question in its Order of the effect of the termination of Zeroclick, LLC in December 2017 (Dkt. # 129 at 8).  Any assignment in September 2017 (executed August 30) would, of course, predate such a termination, in which case the termination would have no

effect. The patents-in-suit were assigned to Dr. Irvine in 2017 and he executed no subsequent assignment of them, prior to the January 2020 assignment to Zeroclick, LLC (Zeroclick II).

### B. Transfer By July 2019 Agreement

As noted previously, Dr. Irvine did not countersign the 2017 assignment of the patents-in-suit. The relevant precedent cited above indicates that such a signature was not necessary to effect the transfer. However, to the extent the Court finds that the patents-in-suit were not transferred to Dr. Irvine by operation of the August 2017 Assignment, they were subsequently transferred to Dr. Irvine by the July 2019 Transfer Agreement as Amended and Restated by the parties to that agreement.

The Court has previously considered the July 2019 Transfer Agreement in its Order and noted the concern that the agreement to transfer the entity Zeroclick, LLC may not have been effective to transfer the patents-in-suit because Zeroclick, LLC (Zeroclick I) had previously been terminated as a Texas Limited Liability Company. Dkt. # 129 at 8. However, the intent of both parties to the July 2019 Agreement was that the patents-in-suit be transferred to Dr. Irvine, to the extent that they had not already been transferred by the 2017 Assignment.

To address the issues raised by the Court, the parties have executed an Amendment and Restatement of Transfer of Ownership Agreement to clarify that July 2019 Agreement. Ledahl Supp. Decl., Ex. D. As noted previously, the Transfer of Ownership Agreement was between Granicus IP, LLC (the sole member of Zeroclick I), and Dr. Irvine. The Amendment and Restatement confirms that Zeroclick LLC intended to assign all rights in the patents-in-suit to Dr. Irvine in 2017. It further confirms that the intent of both parties was that to the extent any interest in the patents-in-suit had not previously been transferred to Dr. Irvine, such interest was transferred in the July 2019 Agreement.

The Court noted in its Order that by operation of law, the assets of Zeroclick, LLC (Zeroclick I) would flow to its sole member upon its termination. As noted previously, that sole member was Granicus IP, LLC. To the extent that the patent assets themselves were not transferred to Dr. Irvine by the 2017 assignment, then they became the property of Granicus IP, LLC upon the termination of Zeroclick I. But if this was the case, then they were held by Granicus IP, LLC at the time of the 2019 Transfer of Ownership Agreement. Granicus confirmed in the Amendment and Restatement of the Transfer of Ownership Agreement that the intent of the agreement was to transfer any such assets to Dr. Irvine and that they were transferred effective July 30, 2019.[1] Thus, to the extent the patents-in-suit were not transferred by Zeroclick I to Dr. Irvine in 2017, then they were transferred by Granicus IP, LLC to Dr. Irvine in July 2019.

### C. In Either Event, Dr. Irvine Owned The Patents-In-Suit in January 2020

As discussed, above, the patents-in-suit were either transferred to Dr. Irvine by Zeroclick I in 2017 (prior to the termination of Zeroclick I), or they were transferred to Dr. Irvine by Granicus IP, LLC, the sole member of Zeroclick I, in July 2019. In either event, Dr. Irvine has not executed other transfers of the patents-in-suit, except to transfer them to Zeroclick, LLC (Zeroclick II). Thus, whether transferred in 2017 or 2019, Dr. Irvine received full ownership of all rights in the patents-in-suit before executing the assignment of those patents to Zeroclick II in January 2020.

### III. SUBSTITUTION OF ZEROCLICK II IS THE APPROPRIATE RESULT

---

[1] To the extent Apple contends that the agreement between Granicus and Dr. Irvine cannot be clarified, such arguments have previously been rejected by the Courts. *See, e.g., Technology Properties Ltd. LLC v. Canon Inc.*, 2016 WL 3361846, *4 (N.D. Cal. June 17, 2016) (Wilken, J., holding that a standing defect arising during litigation could be cured and allowing parties to a transfer agreement to amend the agreement to cure standing defect).

4

As discussed above, all right, title, and interest in the patents-in-suit passed to Dr. Irvine, either in 2017 through the assignment executed by Zeroclick I, or in 2019 through the Transfer of Ownership Agreement as Amended and Restated. In either event, subsequent to obtaining those rights, Dr. Irvine assigned the patents-in-suit to Zeroclick, LLC (Zeroclick II) in January 2020. Thus, Zeroclick, LLC (Zeroclick II) is the patentee with the full right to maintain this action for infringement of the patents-in-suit. Under such circumstances, the appropriate action for this Court is to substitute Zeroclick II as the party plaintiff consistent with the governing case authority. *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203-1204 (Fed. Cir. 2005); *see also Uniloc USA Inc. v. LG Electronics U.S.A. Inc.*, 2019 WL 690290, *1-2 (N.D. Cal., Feb. 19, 2019) (Tigar, J., holding that substitution of parties due to transfer during litigation was appropriate); *Technology Properties Ltd. LLC v. Canon Inc.*, 2016 WL 3361846, *4 (N.D. Cal. June 17, 2016) (Wilken, J., holding that a standing defect arising during litigation could be cured and allowing parties to a transfer agreement to amend the agreement to cure standing defect); *Abbot Labs. V. Roxane Labs., Inc.*, 2013 WL 2322770, *5-13 (D. Del. May 28, 2013) (allowing substitution of party to replace transferor with transferee); *Biovail Labs., Inc. v. Abrika, LLLP*, 2005 WL 8154800, *2-4 (S.D. Fla. June 27, 2005) (holding that standing issue created by transfer during litigation could be cured through amendment); *LBS Innovations LLC v. Aaron Brothers, Inc.*, 20212 WL 12897918, *1-2 (E.D. Tex. Sep. 20, 2012) (granting substitution of transferee as plaintiff in favor of transferor).

### IV. CONCLUSION

In light of the fact that the patents-in-suit were assigned to Dr. Irvine prior to his assignment of those patents to Zeroclick II, any standing defect raised by Apple is properly cured by substitution of Zeroclick, LLC (Zeroclick II) as the party plaintiff in this action. Zeroclick respectfully requests that the Court enter such a substitution and deny Apple's motion to dismiss.

| | |
|---|---|
| Dated: May 14, 2020 | Respectfully submitted, |
| | */s/ Brian D. Ledahl* |
| | Marc A. Fenster (SBN 181067) |
| | mfenster@raklaw.com |
| | Brian D. Ledahl (SBN 186579) |
| | bledahl@raklaw.com |
| | Jacob R. Buczko (SBN 269408) |
| | jbuczko@raklaw.com |
| | **RUSS AUGUST & KABAT** |
| | 12424 Wilshire Blvd. 12th Floor |
| | Los Angeles, CA 90025 |
| | Phone: (310) 826-7474 |
| | Fax: (310) 826-6991 |
| | *Attorneys for Plaintiff Zeroclick, LLC* |

# DECLARATION OF BRIAN LEDAHL

I, Brian Ledahl, declare and state as follows:

1. I am a member of the State Bar of California and an attorney at the firm of Russ, August & Kabat, counsel of record for the Plaintiff in the above-captioned action. I have personal knowledge of the facts set forth herein, and if called upon to testify, could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of an Assignment Agreement and Patent Assignment from Zeroclick, LLC to Dr. Nes Irvine, produced in this action at ZEROCLICK_004689-004696.

3. Attached hereto as Exhibit B is a true and correct copy of an Agreement terminating a license of foreign patent rights from Dr. Irvine to Zeroclick LLC, produced in this action at ZEROCLICK_004697-004699.

4. Attached hereto as Exhibit C is a true and correct copy of an excerpt of the deposition of Dr. Nes Irvine.

5. Attached hereto as Exhibit D is a true and correct copy of an Amendment and Restatement of Transfer of Ownership Agreement Zeroclick, LLC, produced in this action at ZEROCLICK_004700-004702.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 14th day of May, 2020 at Pasadena, California.

By: */s/ Brian D. Ledahl*
     Brian D. Ledahl

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 14, 2020. As such, this document was served on all counsel who have consented to electronic service.

*/s/ Brian D. Ledahl*
Brian D. Ledahl